**Amarjit Singh CHEEMA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70890.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed March 1, 2007.

Hector M. Roman, Jr., Esq., Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Amarjit Singh Cheema, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

We review for substantial evidence the decisions of both the IJ and the BIA. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999).

Substantial evidence supports the IJ's adverse credibility determination, because the inconsistencies go to the heart of Cheema's asylum claim, *see Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001), and the IJ specifically referred to non-credible aspects of Cheema's demeanor, *see Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir.2003).

Because the asylum claim fails, Cheema's claim for withholding of removal, which requires a higher standard of proof, fails as well. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Cheema's claim for protection under CAT also fails because Cheema relied upon the same statements that the IJ determined not to be credible. *See Id.* at 1157.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

